UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50568
_____


PAUL MURR; JANELL MURR,

                    Plaintiffs - Appellees-Cross-Appellants,

               versus


HARTFORD CASUALTY INSURANCE COMPANY,

                    Defendant - Appellant-Cross-Appellee.
_____

Appeals from the United States District Court for the
           Western District of Texas
                 (SA-96-CV-247)
_____

August 5, 1998
Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

     This insurance dispute arises out of a head-on collision. Henry Murr and Christopher Tomlinson were moving furniture for Murr's grandmother, Pauline Stegall, using a pickup truck owned by her husband, Sam Stegall. Tomlinson was driving the truck. The truck collided with a car driven by Harley Wood. Both Murr and

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tomlinson were killed; Wood suffered serious injuries. Hartford Casualty Insurance Company insured the Stegalls' truck, and Tomlinson was also insured by Hartford under this policy as the driver of the truck. Tomlinson had his own insurance policy with Farmer's Insurance Company. After preliminary attempts at settlement, Hartford interpleaded funds representing the limits of the liability portion of the Stegall policy's coverage; Farmer's did the same with the limits of liability coverage for Tomlinson's policy.

Counsel for Paul and JaNell Murr, Henry Murr's parents, then demanded uninsured/underinsured motorist ("UIM") coverage under the Hartford policy. According to Hartford, although it believed that there was no UIM coverage under the policy because Tomlinson was solely at fault,[2] Hartford offered to pay the Murrs under the policy's UIM coverage on the condition that the Murrs release any claim to the interpleaded liability funds. This, Hartford hoped, would free up the interpleaded liability funds for settlement with the other claimants. In response to this offer, the Murrs returned the preprinted proof of claim form that Hartford had sent them. The proof of claim form returned by the Murrs included two lines of interlineated text in a different typeface that read: "This does not apply to any money recovered from any limits of Liability

---

[2]    There would be uninsured motorist coverage under the Stegall policy only if Wood was uninsured and at fault in the accident.

2

Coverage which may be paid as a result of this accident." Hartford claims that counsel for the Murrs altered the proof of claim form in this fashion to allow them to maintain their claim to the interpleaded liability funds. After receiving this altered proof of claim form, Hartford demanded a more extensive release of liability for Stegall, Tomlinson, and Hartford. Although Hartford never obtained the more extensive release it had sought, it paid the Murrs' UIM claim five months later after the Murrs threatened legal action.

The Murrs then brought suit against Hartford, claiming that Hartford's conduct violated the Texas Insurance Code, specifically Articles 21.21 and 21.55, and breached its common-law duty of good faith and fair dealing. Before trial, the district court granted Hartford summary judgment on the Murrs' good faith and fair dealing claim. At the close of the Murrs' case-in-chief, the district court, on the Murrs' motion, granted judgment as a matter of law to the Murrs on both their insurance code claims. The district court found that, although no UIM coverage existed under the Hartford policy, Hartford had agreed to pay the Murrs the UIM coverage and, once it did so, it was obligated to do so within five days under Article 21.55 of the Texas Insurance Code. The district court also found that Hartford's conduct before its acceptance of the Murrs' UIM claim was not actionable because there was no valid UIM coverage under the policy. Thus, only the issues of mental anguish

3

damages and whether Hartford acted "knowingly" were submitted to the jury.

The jury found that Hartford acted knowingly and awarded the Murrs a total of $28,400 in past and future mental anguish damages. The district court added to that sum an 18% statutory enhancement in accordance with Article 21.55, trebled the mental anguish damages award under Article 21.21, § 16(a) of the Texas Insurance Code, and awarded attorney's fees. The award totaled $125,084.62.

I.

The district court rendered judgment as a matter of law on the Murrs' claims under Articles 21.21 and 21.55 of the Texas Insurance Code at the close of the Murrs' case-in-chief. Hartford appeals this ruling, contending that there was a fact issue as to whether Hartford's offer to accept the Murrs' UIM claim was conditioned on their agreement to waive the right to seek funds under the liability portion of the policy.

The record supports Hartford's contention that its offer to pay UIM coverage was conditioned on the Murrs' agreement not to seek a portion of the interpleaded liability coverage funds. Unfortunately for Hartford, however, the parties' joint pretrial order precludes Hartford from arguing that its offer was conditional: Hartford stipulated in the pretrial order that it accepted the Murrs' UIM claim on May 17, 1995. Furthermore, Hartford failed to list the question of whether its offer to pay

4

UIM coverage was conditional as a contested issue in the pretrial order.[3]

We have emphasized the important role that pretrial orders play in narrowing the issues for trial and have "consistently encouraged trial courts to construe pretrial orders so as to limit the issues actually tried." *Swift v. State Farm Mut. Auto. Ins. Co.*, 796 F.2d 120, 123 (5th Cir. 1986). Issues omitted from the order, such as whether Hartford's offer was conditional, are waived. *See id.* (citation omitted). Although we recognize that the rendition of judgment as a matter of law to the plaintiffs at the close of their case in chief was an "irregular procedure," *United States v. Vahlco Corp.*, 720 F.2d 885, 889 (5th Cir. 1983), because of Hartford's stipulation this represents one of the rare instances in which judgment as a matter of law was appropriate.

II.

---

[3]     Counsel for the Murrs raised the stipulation as a ground for judgment as a matter of law, and the district court expressly noted in its order denying Hartford's motion for new trial that Hartford had stipulated to its acceptance of the Murrs' UIM claim in the pretrial order and that the stipulation did not suggest that the acceptance was conditional. Although the district court concluded in his oral ruling on the Murrs' motion for judgment as a matter of law that Hartford formally "approved" the payment of the claim on June 13, 1995, rather than the stipulated date, this error inured to Hartford's benefit by shortening the period that the jury could consider in assessing mental anguish damages resulting from Hartford's knowing delay in payment after acceptance.

Hartford also challenges the district court's definition of "knowingly," which gave the jury the option to find that Hartford acted knowingly without finding that Hartford was actually aware of the falsity, unfairness, or deception of its acts. The district court instructed that jury:

> 'Knowingly' means actual awareness of the falsity, deception, or unfairness of the conduct in question **or** *actual awareness of the conduct constituting a failure to comply with the rules and regulations governing insurance in Texas.* Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness. (emphases added)[4]

In contrast to the instruction given, Article 21.21, § 2(c), defines "knowingly" as with "actual awareness of the falsity, unfairness, or deception of the act or practice made the basis for a claim of damages under Section 16 of this Article." Tex. Ins. Code. art. 21.21, § 2(c).

A finding that Hartford acted knowingly is required both to support a trebling of damages under Article 21.21 and to support an award of mental anguish damages under that Article. Tex. Ins. Code art. 21.21, § 16(b)(1); *State Farm Life Insurance Co. v. Beaston*, 907 S.W.2d 430, 435 (Tex. 1995) (holding that "mental anguish

---

[4] The challenged, italicized language was apparently taken from the Texas Pattern Jury Code's definition of "knowingly" for use in breach of warranty cases. *See* 4 State Bar of Texas, Texas Pattern Jury Charges 102.21 (1997). The comments to the TPJC, however, specifically instruct that this portion of the instruction should be given only in warranty cases. *See id.* comment.

damages are not recoverable under Article 21.21 without an express finding of knowing conduct").

There is no question that, with respect to the statutory trebling of damages, the district court erred in defining "knowingly" as it did. *See* Tex. Ins. Code art. 21.21, §§ 2(c), 16(b)(1).[5] The district court also erred in defining "knowingly" as it relates to the predicate for an award of mental anguish damages. As mentioned, the Texas Supreme Court in *Beaston* held that an award of mental anguish damages under Article 21.21 must be supported by a finding that the insurer acted knowingly. *See Beaston*, 907 S.W.2d at 435. The Murrs appear to argue that the knowledge required to support an award of mental anguish damages should be determined with reference to the common-law knowledge requirement for mental anguish damages, which is less strict than Article 21.21's definition of "knowingly."[6] We disagree.

---

[5] Contrary to the Murrs' suggestion, Hartford did not waive its objection to the definition of "knowingly" as it relates to the trebling of damages under Article 21.21. Hartford submitted a proposed instruction with the appropriate language, objected to the instruction submitted both at the charge conference and before the jury retired, and raised the erroneous definition in its motion for judgment as a matter of law or new trial as well. The acknowledgment by Hartford's counsel that trebling of damages under Article 21.21 was proper upon a finding of knowing conduct was not a concession that "knowingly" was correctly defined in the instructions given.

[6] Mental anguish damages are allowed under Texas common law based on a range of mentally culpable states, including gross negligence (a less culpable mental state than "knowingly"). *See Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 117 (Tex. 1984) ("Mental anguish damages are recoverable when there is proof

7

The Texas Supreme Court in *Beaston* held that "knowingly" was the appropriate standard, not because "knowingly" was the standard at common law but because it is the only mental state defined in Article 21.21. It would make little sense to require the jury to make separate findings that conduct was "knowing" using two different definitions of the term in Article 21.21 cases where the plaintiff seeks mental anguish damages (*i.e.*, one for the trebling of damages that requires knowledge of the unfair or deceptive nature of the act and one for mental anguish that merely requires knowledge of the act). The statutory definition of "knowingly" requires that the defendant have not only knowingly committed the act, but also have done so with actual awareness of the falsity, unfairness, or deceptive nature of the act. Thus, the district court's definition of knowingly improperly allowed the jury to find that Hartford acted knowingly if it was aware of its conduct without also requiring actual awareness of the falsity, unfairness, or deception of the act or practice.

After reviewing the record, we cannot, as the Murrs urge, conclude "based upon the entire record, that the challenged instruction could not have affected the outcome of the case." *Russell v. Plano Bank & Trust*, 130 F.3d 715 (5th Cir. 1997)

_____

of a willful tort, willful and wanton disregard, or gross negligence.") (citation omitted).

8

(citation and internal quotation omitted), *pet. for cert. filed*, No. 97-1551 (March 19, 1998).

Because the mental anguish damage question submitted to the jury was conditioned on an affirmative finding that Hartford acted knowingly, and the predicate finding that Hartford acted knowingly was based on an erroneous definition, we vacate the mental anguish damage award as well and remand both issues for a new trial.

III.

Hartford also argues that the district court erred in trebling the actual damages awarded to the Murrs because actual damages cannot be trebled under Article 21.21 based on a delay in payment under Article 21.55. Hartford relies on *Bekins Moving & Storage Co. v. Williams*, 947 S.W.2d 568 (Tex. App.—Texarkana 1997, no writ), in which the court of appeals held that a delay in payment that violated Article 21.55 did not give rise to trebling under Article 21.21, where the plaintiffs had offered no proof of a rule or regulation making it an unfair act or practice to delay paying a claim. *See Bekins*, 947 S.W.2d at 583; *see* Tex. Ins. Code art. 21.21, § 16(a); *see also Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 147 (Tex. 1994) (holding that to be subject to § 16 trebling, the insurer's conduct must fall within the types of acts listed in

the statute).[7]  In contrast to the plaintiffs in *Bekins*, however, the Murrs point to Texas Administrative Code § 21.203(18), which defines a violation of Article 21.55 as an "unfair claim settlement practice."  Thus, we conclude that a violation of Article 21.55 can serve as the predicate unfair act or practice for the trebling of damages under Article 21.21.[8]

## IV.

On cross appeal, the Murrs argue that the district court erroneously granted judgment as a matter of law on their Article 21.21 claims that were based on Hartford's conduct before accepting the Murrs' UIM claim.  The district court concluded that those claims were barred on the sole basis that the Murrs' UIM claims

---

[7]  Article 21.21 lists three categories of unfair or deceptive acts or practices:

(1)  acts or practices declared to be unfair methods of competition or unfair or deceptive acts or practices in the business of insurance by § 4 of Article 21.21
(2)  acts or practices declared to be unfair methods of competition or unfair or deceptive acts or practices in the business of insurance by rules or regulations promulgated by the Texas Insurance Board; or
(3)  practices defined by § 17.46 of the Texas DTPA as unlawful deceptive trade practices.

Tex. Ins. Code art. 21.21, § 16(a).

[8]  We decline to review the district court's grant of summary judgment against the Murrs on their good faith and fair dealing claim because the Murrs seek review of this claim only to the extent that it is a necessary predicate to their Article 21.21 claim.  Because we conclude that the Article 21.55 violation may serve as a predicate under Article 21.21, we need not review the district court's summary judgment.

were not covered claims under the policy. That conclusion was erroneous.

As this court held in *First Texas Savings Association v. Reliance Insurance Co.*, an insurer's duties to an insured under Article 21.21 of the Texas Insurance Code are independent of its duties under an insurance contract. *See* 950 F.2d 1171, 1178-79 (Tex. 1990). Thus, recovery for an insurer's violation of Article 21.21 does not require that there have been coverage under the policy. *See id.* at 1179. Although the Texas Supreme Court has held that a *prompt denial* of coverage on erroneous grounds will not support a violation of the insurer's duty of good faith and fair dealing if the insurer had a valid basis for denying coverage, *see Republic Insurance Co. v. Stoker*, 903 S.W.2d 338 (Tex. 1995), it does not follow that coverage under the policy is a prerequisite to recovery under Article 21.21 when the insured's complaints do not relate to an alleged bad-faith denial of coverage. Indeed, the *Stoker* court was careful to note that its holding did not extend, for example, to "the duty of an insured to timely investigate its insureds' claims." 903 F.2d at 341.

Aside from holding that lack of coverage is not a *per se* bar to the Murrs' pre-acceptance Article 21.21 claims, we express no opinion regarding the merits of those claims. Instead, because the district court's legal error pretermitted its analysis of the

11

parties' other arguments, we remand for the district court to consider those questions in the first instance.

V.

For the foregoing reasons, we affirm the district court's judgment as a matter of law that Hartford violated Article 21.55 by failing to pay the Murrs' UIM claim within five days of accepting that claim. We vacate the jury's findings of knowing conduct and mental anguish damages and remand for a new trial as to whether Hartford's violation of Article 21.55 was a "knowing" violation and for consideration of the mental anguish damages that resulted from the knowing violation, if any. Finally, we reverse the district court's judgment as a matter of law as to the Murrs' preacceptance claims under Article 21.21 and remand those claims for further consideration in light of our conclusion that lack of coverage is not a *per se* bar to a claim under Article 21.21.